IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEEDS, INC., a Pennsylvania corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 02-288 |
| | ) |
| WEEDS NO MORE, INC., a Pennsylvania corporation, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

Pending before the Court are five Motions *in Limine* filed by Defendants. (Docket Nos. 162, 164, 166, 168, and 170). Plaintiff has filed Briefs in Opposition to the same. (Docket Nos. 180, 182, 183, 185, and 186). The issues are now ripe for review.

## I. BACKGROUND

The specific facts are well known to the parties and, therefore, need not be discussed at length herein, but rather are discussed throughout the opinion where appropriate.

## II. ANALYSIS

1

A. **DEFENDANTS' MOTION *IN LIMINE* I: TO EXCLUDE CERTAIN EVIDENCE OF CONFUSION**

Defendants seek to exclude two types of confusion evidence that Plaintiff plans to offer at trial: 1) written notes made by Weeds' employees, and 2) anecdotal statements that a Weeds employee, Randy Galiotto, heard from another person based on the conclusion that the statements are inadmissible hearsay. (Docket No. 162). In opposition, Plaintiff first argues that the evidence is not hearsay, and even if it is, Plaintiff argues that it is admissible under the Rule 803(3) exception to the hearsay rule. (Docket No. 183).

Hearsay is ". . . a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is not admissible except as permitted by the Federal Rules of Evidence, or "by other rules prescribed by the Supreme Court...or by Act of Congress." Fed. R. Evid. 802. Rule 803(3) of the Federal Rules of Evidence provides that a statement of the then existing mental, emotional, or physical condition is not excluded by the hearsay rule, even though the declarant is available as a witness.

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3).

1. Written statements by Plaintiff's employees

The written statements of alleged actual confusion at issue here consist of telephone message records which have been redacted presumably to conceal identifying customer information. *See,* Docket No. 162, Ex. 1). "In general, 'actual confusion' evidence collected by employees of a party in a trademark action must be viewed with skepticism because it tends to be biased or self-serving." *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City,* 383 F.3d 110, 122 (3d Cir. 2004), citing, *Checkpoint Sys., Inc. v. Check Point Software Technologies, Inc.*, 269 F.3d 270, 298 (3d Cir.2001). To that end, I find that the written telephone message records may be admissible only if they specifically mention Weeds or Weeds No More and describe confusion, so as to make the record relevant. Moreover, even if a message mentions Weeds or Weeds No More, it still may be excluded if it includes a statement of memory or belief to prove the fact remembered or believed. Fed. R. Evid. 803(3). Based on these guidelines, of the telephone records attached to the Motion, only the following may be admissible based on Rule 803(3): 4/27/01 at 10:25, 2/6/01 at 1:30; 7/9/02 at 11:40; and 12/20/02 at 2:40.

2. Testimony of Randy Galiotto

With regard to the testimony of Randy Galiotto, the Motion is granted in part and denied in part. A "plaintiffs' own testimony about the actual behavior of their customers is not hearsay." *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City,* 383 F.3d 110, 133 (3d Cir. 2004), *citing Callahan v. A.E.V., Inc.*, 182 F.3d 237, 253 (3d Cir.1999). Thus, Mr. Galiotto may testify about the behaviors of customers. Furthermore, even if the testimony were hearsay, it would be admissible under the

state of mind exception. *Id.* Testimony regarding a statement of a declarant's then existing state of mind made to Randy Galiotto by a customer is admissible under the state of mind exception pursuant to Rule 803(3). *Id.; see, also, Callahan v. A.E.V., Inc.,* 182 F.2d 237, 525-53 (3d Cir. 1999); *Popular Bank of Florida v. Banco Popular De Puerto Rico,* 9 F.Supp.2d 1347, 1361-62 (S.D. Fla. 1998); *Quantum Fitness Corp. v. Quantum Lifestyle Centers,* 83 F.Supp.2d 810, 830 (S.D. TX. 1999). In either event, however, Mr. Galiotto must be the person who witnessed the statement or action by the declarant. Otherwise, the testimony would not be indicative of the declarant's state of mind, but rather the state of mind of third parties. Consequently, Mr. Galiotto's testimony involving an alleged instance of confusion as relayed to him by his secretary would be inadmissible. (*See,* Docket No. 163, p. 3).

**B. MOTION *IN LIMINE* II: TO EXCLUDE DEFENDANTS' PERSONAL INFORMATION**[1]

Defendants' next seek to exclude personal information concerning Tom Stewart, Sr.'s divorce on the basis that said information is irrelevant. (Docket No. 164). In response, Plaintiff states that it "seeks only to reserve the right to use limited information for rebuttal purposes from the equitable distribution hearings in 1999 regarding property ownership." (Docket No. 186, p. 2). To that end, Plaintiff argues that said information is relevant to disprove ownership of assets for which Defendant, Stewart III, may be seeking reimbursement. *Id.* I agree with Plaintiff that said information may be relevant to Defendant's, Stewart III's, claim for theft loss if

---

[1] On August 1, 2005, Plaintiff filed a Motion for Leave to Supplement Brief in Opposition to Defendants' Motion to Exclude Personal Information. (Docket No. 188). Said Motion for Leave to Supplement (Docket No. 188) is granted.

4

Defendant, Stewart III, puts into evidence certain claims for theft loss. Thus, Defendants' Motion *in Limine* II (Docket No. 164) is denied to the extent that Defendant, Stewart III, seeks to introduce evidence of particular personal items that were stolen for which Plaintiff has contradictory evidence that the items were not owned by Defendant, Stewart III. Therefore, Plaintiff will be permitted to offer the very limited information concerning ownership.

In its Supplemental Brief in Opposition, Plaintiff also seeks to introduce evidence of an entry on an account list which is labeled "wmn alimony." *See,* Docket No. 188, Ex. 1. Plaintiff argues that said information is relevant to support its theory of artificially deflated profits of WMN, of which its lost profits calculation is based. Plaintiff suggests that it is also supportive of commingling of businesses and piercing the corporate veil. (Docket No. 199, pp. 1-2). I agree with Plaintiff that this evidence is relevant for these purposes. Thus, Defendants' Motion *in Limine* II (Docket No. 164) is denied with regard to the account list with the label "wmn alimony." The Motion *in Limine* II is granted with regard to all other information concerning the divorce of Defendant, Stewart III.

**C. MOTION *IN LIMINE* III: TO EXCLUDE TESTIMONY OF ROBERT HOLCHIN**

Defendants' third Motion *in Limine* seeks to exclude the testimony of Robert Holchin, an ex-employee of both Weeds and WNM, on the basis that his testimony is tainted because it is not based on his personal information as required by Rule 602

of the Federal Rules of Evidence.[2] (Docket No. 166). Specifically, Defendants suggest that Robert Holchin's knowledge about reductions in pay did not come from personal knowledge but, rather, came from reviewing depositions, motions, and other conversations that Holchin had with Randy Galiotto, an employee of Plaintiff's, and Plaintiff's counsel. (Docket No. 167, pp. 2-3). To the extent that a witness has read depositions and spoke with others about the case does not mean that the witness does not have his own personal knowledge. As a result, I will deny Defendants' Motion *in Limine* III (Docket No. 166), without prejudice. Therefore, if Holchin testifies at trial regarding information which Defendants believe is not based on his personal knowledge, Defendants may object at that time.

### D. **MOTION *IN LIMINE* IV: TO EXCLUDE EVIDENCE OF CERTAIN EXPENSES**

Defendants' fourth Motion *in Limine* seeks to exclude evidence of expenses incurred prior to February 1, 1998. (Docket No. 168). As noted by both parties, this Court previously ruled that Defendants are barred from claiming expenses that were incurred more than four years prior to the filing of the Counterclaim. (Docket No. 156). In response, however, Plaintiff argues that it is seeking to introduce pre-1998 expenses "as substantive evidence [of habit, motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident] that

---

[2]Rule 602 provides, in pertinent part, as follows:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

Fed. R. Evid. 602.

is probative of counts that are not time-barred." (Docket No. 185, p. 2-3). I agree with Plaintiff that simply because Defendants are precluded from recovering for expenses that are barred by the statute of limitations, does not necessarily mean that evidence surrounding the same would not be relevant and probative evidence bearing on other issues in the case. *See,* Fed. R. Evid. 406, 404. Based on the limited information provided, however, I am unable to make a determination as to the propriety of the objection. As a result, I will deny Defendants' Motion *in Limine* IV (Docket No. 168), without prejudice. Defendants may reassert this objection at the appropriate time during trial.

### E. **MOTION *IN LIMINE* V:   TO EXCLUDE WRITTEN POLICE INVESTIGATION REPORTS**

Defendants' last Motion *in Limine* is to exclude written police investigation reports. (Docket No. 170). Specifically, Defendants assert that the reports constitute hearsay within hearsay and must be excluded. (Docket No. 180). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is not admissible except as permitted by the Federal Rules of Evidence, or "by other rules prescribed by the Supreme Court…or by Act of Congress." Fed. R. Evid. 802. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule…." Fed. R. Evid. 805. In response, Plaintiff first argues that the police reports fit within various exceptions to the hearsay rule. (Docket No. 184, pp. 2-3).

Portions of investigatory reports containing opinions and conclusions of an officer are admissible under Rule 803(8)[3] so long as the opinions and conclusions: (1) are based on factual investigations, and (2) satisfy the Rule's trustworthiness requirement. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170 (1988). The moving party bears the burden of establishing these elements. *See, Vanderpoel v. A-P-A Transport Corp.,* Civ. A. No. 90-5866, 1992 WL 158426, *2 (E.D. Pa. July 1, 1992), *citing, Moss v. Ole South Real Estate, Inc.,* 933 F.2d 1300, 1306 (5th Cir 1991). There are four factors to consider regarding a report's trustworthiness: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; and (4) possible motivation problems. *See,* Advisory Committee Notes of 1972, Note to Paragraph (8). The focus is on the report's reliability, not credibility. *Moss,* at 1307. Defendants, however, do not engage in any type of analysis to determine the trustworthiness of any of the police reports in question. I decline to do so *sua sponte*. As a result, Defendants' Motion *in Limine V* with regard to the officers' opinions and conclusions is denied, without prejudice.

---

[3]Rule 803 provides, in pertinent part, as follows:

(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).

Case 2:02-cv-00288-DWA   Document 199   Filed 08/15/05   Page 9 of 12

Witness statements within an investigative report are analyzed separately from the officer's opinions and conclusions. *See, Vanderpoel*, 1992 WL 158426 at *2. "Statements attributed to persons other than the reporting officer are generally excluded as hearsay." *Id.* at *1. In opposition, however, Plaintiff argues that some of the statements are made by party-opponents. Thus, Plaintiff submits that said statements do not constitute hearsay and are admissible as statements against interest, presumably pursuant to Rule 801(d)(2). (Docket No. 184, pp. 2-3). Rule 801(d)(2) provides as follows:

> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2). Based on the above, I agree with Plaintiff that any statements by any party to an investigating officer is not hearsay and is admissible under Rule 801(d)(2). Consequently, Defendants' Motion *in Limine V* with regard to party statements contained in investigative reports is denied, and is granted as to third party statements.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEEDS, INC., a Pennsylvania corporation, | ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No. 02-288 |
| WEEDS NO MORE, INC., a Pennsylvania corporation, et al., | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

And now, this **15th** day of August, 2005, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered as follows:

1. Defendants' Motion *in Limine* I (Docket No. 162) is granted in part and denied in part as set forth above.

2. Defendants' Motion *in Limine* II (Docket No. 164) is granted in part and denied in part:

> (a) it is denied to the extent that Defendant, Stewart III, seeks to introduce evidence of particular personal items that were stolen for which Plaintiff has contradictory evidence was not owned by Defendant, Stewart III. Therefore, Plaintiff will be permitted to offer the very limited information concerning ownership;

> (b) it is also denied with regard to the account list with
>
> the label "wmn alimony;"

11

      (c) it is granted as to any other information concerning Defendant's, Stewart III's, divorce.

3. Defendants' Motion *in Limine* III (Docket No. 166), is denied without prejudice.

4. Defendants' Motion *in Limine* IV (Docket No. 168), is denied without prejudice.

5. Defendants' Motion *in Limine* V (Docket No. 170) is granted in part and denied in part:

      (a) it is denied with regard to the officers' opinions and conclusions contained in the reports;

      (b) it is granted as to third party statements contained in the police report, and such statements are excluded; and

      (c) it is denied with regard to party statements contained in investigative reports.

6. Plaintiff's Motion for Leave to Supplement Brief in Opposition to Defendants' Motion to Exclude Personal Information (Docket No. 188) is granted.

BY THE COURT:

S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge