IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEEDS, INC., a Pennsylvania corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | | Civil Action No.  02-288 |
| | ) | |
| WEEDS NO MORE, INC., a Pennsylvania corporation, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion *in Limine* to Exclude Exhibits. (Docket No. 175).   Plaintiff's Motion seeks to exclude four groups of exhibits that Defendants plan to introduce into evidence at trial.   Defendants have filed a Response to the same. (Docket No. 175).  The issues are now ripe for review.

## I. APPLICABLE FEDERAL RULES OF EVIDENCE

Federal Rule of Evidence 401 defines relevance as follows: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  This definition is to be interpreted broadly.  If evidence is relevant, it can be excluded only if the opposing party objects to the evidence on some basis allowed by the Constitution, Federal

1

Rules of Evidence, or the Supreme Court's statutory authority.  Fed. R. Evid. 402.

According to Rule 403, "evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, waste of time, or

needless presentation of cumulative evidence."  Unfair prejudice "means an undue

tendency to suggest [a] decision on an improper basis, commonly, though not

necessarily, an emotional one." Advisory Comm. Notes to Rule 403.  In deciding

whether to exclude evidence based on unfair prejudice, the court should consider

the effectiveness of a limiting instruction.  *Id.*  It is important to note that the

danger of unfair prejudice must not simply outweigh the probative value of the

evidence, but must *substantially* outweigh the probative value.  Fed. R. Evid. 403.

In close cases where the probative value is approximately equal to the danger of

prejudice or confusion, the balance "should be struck in favor of admissibility."

*Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992).  The proponent of

evidence bears the burden of establishing its admissibility. *See, e.g., Miller v. Keating*,

754 F.2d 507 (3d Cir. 1985).

## II.  <u>THE CONTESTED EXHIBITS</u>

### A.  <u>THE TRAFFIC TICKET INCIDENT</u>

The traffic incident occurred when Defendant, Tom Stewart, Jr. ("Stewart Jr."),

received a speeding ticket in New York.  The owner of Plaintiff, Brian O'Neill, paid

Stewart Jr.'s fine using funds from his own personal business, Wild Meadows.

(Docket No. 179, Ex. Nos. WNM 1485-85, WMN1492).  Plaintiff argues that this is

2

irrelevant because it involves only one incident and Defendants cannot establish a pattern of using a manager's separate business for Plaintiff's benefit. (Docket No. 175, p. 2). In opposition, Defendants argue that these exhibits are relevant to dispute Plaintiff's theory throughout the litigation that it is inappropriate for one of its managers (Stewart, Sr.) to use his personal resources for corporate betterment. (Docket No. 179, p. 2). In addition, Defendants state that there will be additional testimony regarding this type of behavior. *Id.* Thus, Defendants submit that the traffic ticket incident and the exhibits are relevant to establish the culture at Plaintiff, and to show that Stewart, Sr.'s actions were in line with this culture.

Based on the arguments from counsel, I find that to the extent Plaintiff raises this as an issue in the case and opens the door, the traffic ticket incident and resulting exhibits are relevant and admissible to establish a pattern. Consequently, Plaintiff's Motion *in Limine* to Exclude the Traffic Ticket Incident is denied, without prejudice.

## B.  THE DEANGELO BROTHERS EXHIBITS

Plaintiff next objects to the DeAngelo Brothers exhibits listed by Defendants in their Pre-Trial Statement.  (Docket No. 175, pp. 2-3); (Docket No. 177, p. 6, ¶¶5.H and 5.I).  DeAngelo Brothers Incorporated is a weed control company and a competitor of the parties.  The exhibits include DeAngelo Brothers' Policy Manual and their terms and conditions.  (Docket No. 179, Exs. WMN1291).  Plaintiff argues that these exhibits are irrelevant as they "have no bearing or probative value." (Docket No. 175, p. 3).  In opposition, Defendants claim that these exhibits are

relevant because Plaintiff argues that its terms and conditions are unique, yet the exhibits reveal that the Plaintiff and DeAngelo's terms and conditions are virtually identical.  I agree with Defendants and find this evidence is relevant and admissible regarding the issue of whether Plaintiff's terms and conditions were unique or were simply boilerplate form language.  Consequently, Plaintiff's Motion *in Limine* to exclude the DeAngelo Brothers exhibits is denied.

**C.  THE UNREIMBURSED EXPENSES**

Plaintiff next seeks the exclusion of evidence related to unreimbursed expenses on the basis of equitable estoppel.  (Docket No. 175, pp. 3-4).  Essentially, Plaintiff suggests that Defendant, Stewart, Sr. is attempting to switch his claim from "unreimbursed expenses" to a completely different claim for unreimbursed expenses for "property borrowed" in an effort to circumvent this Court's order of June 9, 2005 (Docket No. 156), wherein I barred Defendant, Stewart Sr., from claiming unreimbursed expenses incurred more than four years prior to the filing of his Counterclaim.  *Id.*

First, I find Plaintiff's argument to be wholly inadequate and underdeveloped.  In making an equitable estoppel argument, the plaintiff must show (1) a material representation, (2) reasonable reliance upon that representation, and (3) damage resulting from that representation. *Gillis v. Hoechst Celanese Corp.,* 4 F.3d 1137, 1142 n.4 (3d Cir. 1993), *citing, Gridley v. Cleveland Pneumatic Co.,* 924 F.2d 1310, 1319 (3d Cir. 1991), *cert. denied,* 501 U.S. 1232, (1991).  Plaintiff has not engaged in  any type of discussion regarding these factors.  Thus, for this reason alone I deny Plaintiff's

Motion *in Limine.*

Nevertheless, Plaintiff's Motion should be denied for another reason. Plaintiff asserts that after the summary judgment order was issued, counsel sent an e-mail to Defendant's counsel "requesting the dates of the various claimed [unreimbursed] expenses." (Docket No. 175, p. 3, ¶11). In response, Defendants' counsel states that $22,500.00 of the unreimbursed expenses were for the use of Stewart, Sr.'s equipment that Plaintiff failed to return upon Stewart, Sr.'s termination. (Docket No. 179, p. 9). Plaintiff claims that it is "surprised" by this. This Court is not persuaded by Plaintiff's "surprise argument. Defendant's Breach of Contract Counterclaim is almost three years old. There have been multiple extensions to discovery. There is no reason why Plaintiff's could or should not have asked for a complete break down of Defendant's breach of contract claim. There was more than ample opportunity to discover this information.

Furthermore, Defendants argue that the $22,500.00 unreimbursed equipment expense is not time-barred and not subject to this Court's prior June 9, 2005, order. I agree with Defendants that said unreimbursed equipment expense would not be barred by my June 9, 2005, order. Consequently, Plaintiff's Motion *in Limine* to Unreimbursed Expenses is denied.

## D.  THE YAHOO! SEARCH

Finally, Plaintiff objects to Exhibit FF listed on Defendants' First Amended Pre-Trial Statement. (Docket No. 175, p. 4). Exhibit FF is a printout from a Yahoo! internet search for www.weeds. The entirety of Plaintiff's argument is that the

5

results are irrelevant because the results are not limited to the industrial weed control industry.  *Id.*  In response, Defendants assert that they intend to use this exhibit to demonstrate "to the jury how common the word weed is and how many industrial weed control businesses use the word weeds in the name of their business."   (Docket No. 179, p. 9-10).  Neither side puts this exhibit into context for me.  I am unsure who is going to testify about the exhibit or the context in which is it brought (*i.e.* to show the distinctiveness).  Consequently, the Motion *in Limine* regarding the Yahoo! Search is denied, without prejudice.

THEREFORE, After careful consideration, and for the reasons set forth above, Plaintiff's Motion *in Limine* to Exclude Exhibits (Docket No. 175) is denied.


BY THE COURT:




S/ Donetta W. Ambrose

 Donetta W. Ambrose,
 Chief U. S. District Judge